UNITED STATES *v.* GLEASON.

*(District Court, D. South Carolina. January 15, 1889.)*

EVIDENCE—PROOF OF HANDWRITING—WEIGHT.
    The value to be given to the opinion of a witness as to the authorship of handwriting is to be determined by the opportunity and circumstances under which he has acquired his knowledge. If he is an illiterate man, or one whose business seldom brings him into contact with writing, his opinion is entitled to much less weight than if he were an educated man, accustomed to correspondence, and to seeing people write.

Indictment of Dennis F. Gleason for sending indecent and threatening postal-cards through the mail.

*L. F. Youmans*, U. S. Dist. Atty.

*Buist & Buist*, for defendant.

SIMONTON, J., (*charging jury.*)    The defendant is indicted for sending through the mail an indecent and threatening postal-card.    The card is produced, duly stamped, and a letter-carrier testifies that he received it at the post-office, and delivered it.    The government seeks to fasten the guilt on defendant by proof of the handwriting, which it is alleged is that of the defendant.    Two witnesses have been introduced for that purpose.    Neither of them saw the defendant write the card in question. Both testify that they have seen him write, and from this experience swear to the handwriting.    I am requested to charge you with respect to such evidence.    As a general rule a witness can only testify as to facts within his personal knowledge.    Questions of handwriting are among the exceptions to this rule.    Whether or not a paper is in the handwriting of a person, if none of the witnesses actually saw him write it, is a matter of opinion; and the witnesses can speak as to their opinion.    In such cases the jury pass upon two questions.    The first is as to the credibility of the witness; the second is as to the value to be given to his opinion.    This last question depends upon his opportunity and capacity of acquiring the knowledge of the handwriting.    Has he seen it under such circumstances as to satisfy the jury that he knows it?    In other words, it is not the expression of the opinion which is to satisfy the jury. They must conclude from the facts stated by the witness, the times, places, opportunity, and circumstances under which he acquired his knowledge, whether he really knows it or not.    In this connection the jury should consider the capacity and experience of the witness.    If he be an illiterate man, or one whose business seldom brings him into contact with writing and written documents, his opinion would be entitled to much less weight than if he be an educated man, himself a penman accustomed to correspondence, and to seeing people write; and this, even if he be in no sense an expert.    You have seen these witnesses.    You have heard in minute detail all the means of knowledge they had of the handwriting of the defendant.    Your verdict will depend upon your conclusion from their testimony.